**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*2/1/2022*

| | |
|---|---|
| BONNIE VANDERGRIFT<br>Plaintiff | ) <br> ) <br> ) | 1:20-CV-07454 (PAC) |
| v. | ) <br> ) <br> ) | *The request at pg 3 at 4 (A+B)* <br> *is granted so ordered* <br> *Paul A Crotty* <br> *USJ* |
| ZIMMER INC, ET AL<br>Defendants | ) <br> ) | JANUARY 27, 2022 |

## MOTION TO SUBSTITUTE JOHN J. O'NEIL, JR IN HIS CAPACITY AS THE CHAPTER 7 TRUSTEE OF THE ESTATE OF BONNIE VANDERGRIFT AS PLAINITFF FOR BONNIE VANDERGRIFT AND TO AMEND THE CASE CAPTION

Pursuant to Rules 17(a) and 25(c) of the Federal Rules of Civil Procedure, John J. O'Neil, Jr, in his capacity as the Chapter 7 Trustee of the Estate of Bonnie Vandergrift through the undersigned counsel hereby submits this Motion for Order substituting the Trustee as plaintiff for Bonnie Vandergrift and amending the case caption to reflect the substitution.

### I.    BACKGROUND

The present matter stems from the Plaintiff's claims regarding the implantation and subsequent alleged failure of the Defendants' Zimmer M/L Taper hip prosthesis. The Plaintiff filed her Short Form Complaint on September 11, 2020, which was subsequently reassigned and consolidated in the related Multidistrict Litigation (MDL No. 2859). Mrs. Vandergrift has filed a Chapter 7 Bankruptcy Petition with the US Bankruptcy Court for the District of Connecticut (Petition No. 20-20174) seeking to discharge various debts. Said bankruptcy remains open and John J. O'Neil, Jr. is currently serving as Trustee for Mrs. Vandergrift's estate.

## II.    LAW AND ARGUMENT

Rule 17 of the Federal Rules of Civil Procedure requires that actions "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17 (a)(1).  The function of this rule "is to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." See Fed R. Civ. P. 17 advisory committee's notes.  Federal Rule of Civil Procedure 25(c) states that "if an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P 25(c).  Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties." Travelers Ins. Co. v. Broadway W. St. Assocs. 164 FRD 154, 164 (SDNY 1995).

The decision to substitute a party is committed to the discretion of the district court and "should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." Advanced Magnetics, Inc. v. Bayfront Partners, Inc. 106 F3d 11, 20 (2d Cir 1997), Advanced Mktg. Grp. Inc v. Bus. Payment Sys, LLC, 269 FRD 355, 358 (SDNY 2010) (substitution of a successor in interest under Rule 25(c) is generally within the sound discretion of the trial court).   "Amendments to make technical changes concerning a party are generally permissible . . . and the practice of generally permitting such amendments is desirable and furthers one of the basic objectives of the federal rules, the determination of cases on their merits." US v. Edwards, 241 FRD 146, 148 (2007)

(internal citations omitted). "It is generally preferable to permit the bankruptcy trustee to be substituted as the named plaintiff in place of the debtor particularly when the bankruptcy case remains open." Goldson v. Kral, Clerkin, Redmond Ryan, Perry & Van Etten, LLP., No. 13 Civ. 2747(GBD)(FM), 2014WL1910624 at 5 (SDNY 2014).

Here, the substitution of the Trustee would have no impact on the complaint's factual allegations regarding Mrs. Vandergrift's April 2010 hip surgery and the Defendants will in no way be prejudiced by the substitution.  In that Mrs. Vandergrift's personal injury claims currently pending in the Zimmer M/L Taper Hip Prothesis Product Liability Litigation (MDL No. 2859) involve the April 2010 implantation of the Defendants' hip prosthesis and predate the filing of her Chapter 7 Petition they are property of the pending bankruptcy estate for which the Trustee is the legal representative.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion to substitute John J. O'Neil, Jr as Chapter 7 Trustee of the Estate of Bonnie Vandergrift as a party plaintiff in this action and to amend the case caption accordingly.

Respectfully submitted,

By: _____
Joseph M. Barnes, Esq.  (ct27419)
THE REARDON LAW FIRM, P.C.
160 Hempstead St.
P.O. Drawer 1430
New London, CT  06320
Phone: 860-442-0444
Fax:  860-444-6445
Email:  jbarnes@reardonlaw.com

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515